**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Cathcart, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2022-001331

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-081
Submitted March 12, 2024 – Filed March 20, 2024

———————

**AFFIRMED**

———————

William Cathcart, pro se.

Joseph R Shakibanasab, of Columbia, for Respondent.

———————

**PER CURIAM:** William Cathcart appeals an order from the Administrative Law Court (ALC) affirming the decision of the South Carolina Department of Corrections (the Department), finding Cathcart failed to show the Department had improperly calculated his sentence. On appeal, Cathcart argues the plea court sentenced him to serve 85% of a thirty-year sentence on his murder charge; thus, the Department improperly calculated his sentence as day-for-day. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err by affirming the decision of the Department because Cathcart failed to support his allegation with evidence that this court could consider.[1] The sentencing sheets provide Cathcart was sentenced to thirty years' imprisonment, and the applicable law at the time of Cathcart's sentencing required he serve his sentence day-for-day. *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2023) (setting forth the standard of review for this court when sitting in review of a decision by the ALC); *id.* ("The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); S.C. Code Ann. § 16-3-20(A) (Supp. 1997) ("A person who is convicted of or pleads guilty to murder must be punished by death, by imprisonment for life, or by a mandatory minimum term of imprisonment for thirty years . . . . No person sentenced to a mandatory minimum term of imprisonment for thirty years pursuant to this section is eligible for parole or any early release program, nor is the person eligible to receive any work credits, education credits, good conduct credits, or any other credits that would reduce the mandatory minimum term of imprisonment for thirty years required by this section.").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] Although Cathcart designated the transcript from the plea hearing in which his sentence was imposed and included a portion of that transcript in his first record on appeal, this court struck Cathcart's designation of matter and ordered him to file an amended record on appeal because that transcript was not part of the record before the ALC.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.